Dear Ms. Austin:
You have requested an opinion of the Attorney General regarding a sales tax audit contract between the Winn Parish School Board (Board) and the Revenue Recovery Group, Inc., (Group). You specifically ask that we review the contract, as well as a proposed addendum thereto, for form and legality.
This office has long recognized the authority of a school board to enter into contracts with independent auditors to determine sales tax liability. See Attorney General Opinion Nos. 82-157, 82-412, and 92-728. Traditionally, the contracts call for the payment of a fee based on a percentage of the additional sales taxes recovered. The Board's original contract was entered into on May 6, 1991. Basically, it provides for the Group to audit the Board's sales tax clients. In the event additional sales tax proceeds are recovered as a result of their audit, the Group receives an audit fee based on their standard billing rates, but not to exceed fifty percent (50%) of the additional taxes generated. In the event an audit results in no additional taxes, the Board pays nothing.
With regard to the original contract, we make the following recommendations:
 1. In Paragraph No. 3 on page 1, you should reflect the current name of the Group. This recommendation carries throughout the remainder of the contract.
 2. In Paragraph No. 6 at the top of page 3, the Group should not have authority to approve or disapprove settlements or compromises on the Board's behalf.
 3. In Paragraph No. 10 on page 3, you should add a clause giving the Board the discretion to examine and copy any and all documents pertaining to the contract for audit purposes.
We now focus on the Addendum.
The Addendum authorizes the contractor to receive a fee in the event it decreases any amounts paid to taxpayers as "refunds". We find no constitutional or statutory provisions prohibiting the Board from contracting for this additional service. However, we make the following recommendation regarding the provisions of the Addendum:
 The third paragraph should reflect that the request of the Board to the Group to perform a refund examination should be in writing.
Finally, we find no constitutional or statutory prohibition regarding the method of payment to the Group for the services rendered.
Should you have any additional questions concerning this matter, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/bb 0092R